IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SIDNEY FOSTER, # C-50335,

Petitioner,

    vs.

ANGELA WINSOR, Warden and
ATTORNEY GENERAL OF
THE STATE OF ILLINOIS,

Respondent.                        Case No. 12-cv-996-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, currently incarcerated in the Big Muddy Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. The petition was filed on September 12, 2012.

    Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner fails to state any grounds which would give this Court jurisdiction over this matter. His petition omits not only the date and court of his underlying murder conviction, sometime in the early 1970's, but also any facts indicating why this might be a timely appeal.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for failing to exhaust. 28 U.S.C. §(b)(1); *Mcatee v. Cowan*, 250 F.3d 506, 508-509 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese,* 541 U.S. 27, 29 (2004).

The instant petition speaks to none of these matters. Accordingly, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED without prejudice** to petitioner re-filing his habeas petition in federal court, after first exhausting his remedies in the Illinois state courts.

Accordingly, petitioner's motion to appoint counsel (Doc. 3) is rendered **MOOT**.

The Clerk of the Court is **DIRECTED** to send petitioner a blank form Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.

**IT IS SO ORDERED.**
Signed this 11th day of December, 2012.

Digitally signed by
David R. Herndon
Date: 2012.12.11
16:13:08 -06'00'

**Chief Judge**
**United States District Court**